# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6186 | **DATE** | 2-22-2013 |
| **CASE TITLE** | Samuel Jackson (B13571) vs. Sgt. Moore | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed in forma pauperis [9] is granted. The court authorizes and orders Cook County Jail officials to deduct $16.17 from Plaintiff's account and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk shall issue summons for Defendant Monroe and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The U.S. Marshals Service is appointed to serve Defendant Monroe. Defendant Dart is dismissed is a party defendant. Status hearing scheduled for 4/29/2013 at 9:45 a.m. Defense counsel shall arrange for the telephonic appearance of any incarcerated pro se plaintiff.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    Plaintiff Samuel Jackson, an Illinois Department of Corrections inmate, brought this civil rights suit under 42 U.S.C. § 1983. Pending before the court are his application for leave to proceed *in forma pauperis* and complaint for an initial review pursuant to 28 U.S.C. § 1915A.

    The application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $16.17. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and to pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer shall collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10, until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

    The complaint alleges that Plaintiff received a medical permit to sleep on a lower bunk at the Cook County Jail. Defendant Monroe, a correctional officer, allegedly ignored the permit and forced Plaintiff to use an upper bunk. This caused Plaintiff, who had a preexisting medical condition, to experience unnecessary pain when landing on his feet from the top bunk. Plaintiff filed grievances complaining about Monroe. Monroe responded by harassing Plaintiff by, among other things, throwing away his personal property and depriving him of food. The stress and lack of food caused Plaintiff's blood sugar to drop and blood pressure to rise. His health was threatened as a result.

| STATEMENT |
|---|

Plaintiff may proceed with a claim against Monroe for deliberate indifference to his objectively serious medical needs resulting from the unnecessary exposure to pain in his feet regarding his placement on the top bunk. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (per curiam). He may also proceed with a First Amendment retaliation claim for Monroe's alleged harassment that occurred in response to the grievance he filed against her. *See Gomez v. Randle*, 680 F.3d 859, 867-68 (7th Cir. 2012). The claim against Defendant Tom Dart, the sheriff, is dismissed because the complaint fails to plausibly allege any personal involvement by him. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). His status as the head of the Jail is an insufficient basis for liability against him.

The Clerk shall issue a summons for service on defendant Monroe and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. The U.S. Marshals Service is appointed to serve Defendant Monroe. The Marshals Service shall send Plaintiff any service forms that he needs to complete, and Plaintiff shall complete those forms and send them back to the Marshals Service. The Marshals Service shall make all reasonable efforts to serve Defendant Monroe. If Monroe is no longer employed by Cook County Jail, the responsible Jail authorities shall furnish the Marshals Service with Monroe's last known address. The information shall be used only for purposes of effectuating service, and any documentation regarding the address shall not be disclosed by the Marshals Service or maintained in the court file. Plaintiff shall provide the Marshals Service with a copy of the complaint and a form to request waiver of summons under Federal Rule of Civil Procedure 4(d)(1). The Marshals Service is requested to mail the complaint and the waiver of service form by first-class mail to Defendant Monroe pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendant Monroe; once counsel appears for Defendant Monroe, Plaintiff must serve an exact copy of any court filing on counsel. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded.